# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Marcia Przybysz,   Case No. 3:16CV0353

    Plaintiff

    v.   ORDER

City of Toledo, *et. al,*

    Defendants

This is a 42 U.S.C. § 1983 dispute over the death of Thomas Przybysz, who was murdered after agreeing to act as an informant for the Toledo Police Department. Scott Warnka, Thomas' cocaine dealer, realized Thomas had set him up when unnamed officers told Warnka "at the scene of his arrest" that he had "just sold [narcotics] to an undercover cop."

Instead of identifying the offending officers through discovery, counsel for Marcia Przybysz (Thomas' mother and personal representative of his estate) sought to hold Police Sergeant Karrie Williams individually liable for Thomas' death, despite the dearth of evidence connecting her to the disclosure. They also pursued a *Monell* failure-to-train claim against the City without explaining how a year of on-the-job training in the vice unit and an "undercover survival" course failed to prepare Sgt. Williams for her role in the Warnka investigation.[1]

For reasons expressed in an earlier opinion, I concluded, after lengthy and detailed consideration, that Przybysz failed to demonstrate a violation of her son's constitutional rights and likewise failed identify a constitutional deficiency in the City's training policies. And because her

---

[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).

Ohio-law wrongful death action was equally lacking in merit, I denied her motion for summary judgment, and granted summary judgment in favor of defendants on plaintiff's claims in their entirety. *See Przybysz v. City of Toledo*, 2017 WL 4654387, *8–14 (N.D. Ohio).

Now pending is Przybysz's motion to alter or amend my judgment *see* Fed. R. Civ. P. 59(e), which defendants oppose. (Docs. 63, 64). On initial review, I concluded plaintiff's motion was, at worst, an attempt to "relitigate previously considered issues," *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996), and at best, an effort to "raise arguments which could, and should, have been made before judgment issued." *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Neither is a proper basis for a motion to alter or amend.

Accordingly, in an email dated December 27, 2017, I informed the parties that if a litigant submits a frivolous motion for reconsideration and/or to alter or amend an earlier judgment, I may sanction the filing counsel pursuant to Fed. R. Civ. P. 11 in the amount of $ 2,000 or in the amount of attorney's fees the opposing party incurred in responding to the motion, whichever is less.[2] *See, e.g.*, *Andersons, Inc. v. Consol, Inc.*, 221 F. Supp.2d 810 (N.D. Ohio 2002); *Miller v. Norfolk S. Rwy., Co.*, 208 F. Supp.2d 851 (N.D. Ohio 2002). I further warned plaintiff's counsel that if they did not withdraw plaintiff's motion to alter or amend by January 4, 2018, I would adjudicate it consistent with this policy.

---

[2] "Sanctions that involve monetary awards (such as a fine or an award of attorney's fees) may not be imposed on a represented party for causing a violation of subdivision (b)(2), involving frivolous contentions of law." *See* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). "Monetary responsibility for such violations is more properly placed solely on the party's attorneys," *id.*, which is what I order in this instance.

January 4, 2018, came and went, and Przybysz's attorneys declined to withdraw her motion.

For the reasons that follow, I deny plaintiff's motion to alter or amend, and sanction her counsel.

## Discussion

I may grant Rule 59(e) motion to alter or amend the judgment only if "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent a manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Przybysz identifies none of these defects.

As I said in my initial order, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors" absent a special relationship or state-created danger. *Przybysz*, 2017 WL 4654387, at *8 (citation omitted). I explained that Sgt. Williams did not have a special relationship with Thomas because "[a]sking an individual to serve as an informant does not 'impose' any constraint 'on his freedom to act,'" or otherwise obligate a state actor to protect him. *Id.* (citation omitted).

I also explained (at length) why, under the proofs Przybysz presented, there is no genuine issue of fact as to whether Sgt. Williams created the danger to Thomas:

> Section 1983 is an individual-liability statute. Thus, "case law teaches that in order to impose individual liability upon a law officer engaging in unconstitutional misconduct, it is a plaintiff's burden to specifically link the officer's involvement to the constitutional infirmity." *Burley v. Gagacki*, 834 F.3d 606, 615 (6th Cir. 2016). "Each defendant's liability must be assessed individually based on his actions," *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010), because each defendant "is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
>
> Przybysz does not "specifically link" Sgt. Williams to the alleged disclosure. Even if telling Warnka that he "just sold to an undercover cop" is comparable to the

3

> "explicit[ ]" identification in *Nelson* [*v. City of Madison Heights*], 845 F.3d [695,] 698 [(6th Cir. 2017)], there is no evidence that Sgt. Williams actually made that statement. Warnka never claimed she did.
>
> He testified only that an unidentified "[t]hey" told him "right at the scene" that he "just sold to an undercover cop." (Warnka Dep. at 43). "They" is not the same as Sgt. Williams. *See Nichols v. Fernandez*, 686 Fed. Appx. 532, 534 (9th Cir. 2017) (affirming summary judgment for individual officers where "Plaintiffs d[id] not provide evidence that Officers ... Fernandez and ... Beard disclosed Plaintiffs' status as confidential informants.").
>
> Plaintiff points to no evidence suggesting that Sgt. Williams spoke to Warnka, or that she was even present "right at the scene" at the time of his arrest. Nor does she contend that Sgt. Williams "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [unnamed] officers" in a supervisory capacity. *McQueen v. Beecher Comm. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) (citation omitted).

*Przybysz*, 2017 WL 4654387, at *10 (footnote omitted).

The only new argument plaintiff proffers is that Sgt. Williams was "in charge of" the investigation that "put[] Thomas's life in danger"–an apparent response to the very point I made in my pervious order–that plaintiff had in fact never argued Sgt. Williams should be held liable as a supervisor of the investigation. (Doc. 63, ID 1615 (emphasis omitted)).

The first problem with Przybysz's new argument is just that; it is a new argument. A Rule 59(e) motion "is not an opportunity to re-argue a case" by making the points plaintiff (or rather, her attorneys,) neglected to make the first time around. *Andersons*, 221 F. Supp. 2d at 811 (citation omitted); *see also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support an argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" (citation omitted)).

4

The second is that the evidence Przybysz cites (which is not "new" and which counsel could have, "with due diligence," brought to my attention when drafting her motion for summary judgment or brief in opposition to defendants' motion for summary judgment, *McConocha*, *supra*, 930 F. Supp. at 1184) does not actually permit a finding of individual liability. Przybysz notes that Sgt. Williams chose the location of the second drug buy, where police ultimately decided to arrest Warnka. But evidence that Sgt. Williams chose the location of the arrest is not evidence that she "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of or more unidentified officers during that arrest. *McQueen*, 433 F.3d at 470.

"Since an individual can be held liable under 42 U.S.C. § 1983 only if that individual personally participated in the alleged civil rights violation," a state actor who did not "personally participate[]" in disclosing a confidential informant's status is not personally liable for it. *Nichols*, 686 F. App'x at 534 (citation omitted). That is as true today as it was four months ago, and no "intervening change in controlling law" warrants a different result. *GenCorp*, 178 F.3d at 834.

The remainder of plaintiff's motion merely rehashes (and in some instances, cuts-and-pastes from) her failed motion for summary judgment. (*Compare* Doc. 63 *with* Doc. 38). That is a waste of my time. If a particular order "was not in plaintiff's favor" and plaintiff's counsel "does not like it," they should understand that her remedy is to appeal, *Andersons*, 221 F. Supp.2d at 813, not to demand that the "trial court . . . redo work that it did once and believes that it did thoroughly and properly." *Miller*, 208 F. Supp.2d at 854.

**Conclusion**

Lawyers "who file unfounded motions for reconsideration, which is all this motion really is," must "come to understand that there will be a cost in doing so. A party that prevails on rulings

should not have to invest resources in having those rulings confirmed." *Andersons*, 221 F. Supp.2d at 813.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion to alter or amend the judgment (Doc. 63) be, and hereby is, denied; and

2. Defendants shall notify plaintiff's counsel by January 31, 2018, whether the amount of attorney's fees and costs incurred as a result of having to respond to plaintiff's motion to alter or amend is less than $2,000, and, if so, the amount thereof;

3. Upon receiving such notification, plaintiff's counsel shall pay defendants' counsel such lesser amount, or $2,000; and such payment must be made by February 15, 2018.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge